UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CV-207-F

| | |
|---|---|
| MARION ELIJAH ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| KINSTON DEPARTMENT OF PUBLIC ) | |
| SAFETY, and Officers J.M. GWARTNEY, ) | |
| C.K. BARNES, TIM DILDAY, R.G. ) | |
| RUSSELL, D.G. GREEN; ) | |
| ) | |
| LENOIR COUNTY SHERIFF'S DEPARTMENT ) | |
| SHERIFF WILLIAM E. SMITH, and Deputies ) | |
| SHAWN HOWARD, C. HOLLAND, ) | |
| EDDIE EUBANKS, M. MANNING, ) | |
| JOVANNI VILLAGRA, H.C. KEEL, ) | |
| C. JENKINS, and other unknown unidentified ) | |
| officers, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion for summary judgment and the motion to seal filed by Defendants J. M. Gwartney, C.K. Barnes, Tim Dilday, R.G. Russell, and D.G. Green. The time for filing a response has since passed, and these motions are now ripe for ruling.

## I. PROCEDURAL HISTORY

Plaintiff Marion Elijah Roberts initiated this action by filing a Complaint in the General Court of Justice, Superior Court Division, Lenoir County, State of North Carolina, on October 26, 2009. Roberts alleges that the defendants used excessive force in effecting an arrest upon him, in violation of 42 U.S.C. § 1983.

All the defendants who had been served as of December 4, 2009, jointly filed a Notice of Removal on that date. In an order filed on February 11, 2010, the undersigned allowed motions to dismiss filed by Defendants Kinston Department of Safety, Lenoir County Sheriff's Department, Sheriff William E. Smith, and Deputy Sheriffs Eddie Eubanks, Michael Manning, Jovanni Villagra, H.C. Keel, and Chris Jenkins. On June 29, 2010, Plaintiff, who is represented by counsel, filed a stipulation of voluntary dismissal as to his claims against Defendants Shawn Howard and Chad Holland.

On February 1, 2011, the remaining defendants in this action filed a motion for summary judgment as to the claims against them. After receiving a Notice of Deficiency from the Clerk of Court regarding Exhibit A to the motion for summary judgment, these defendants filed a motion to seal Exhibit A and submitted a proposed redacted document. Plaintiff has failed to respond to either motion, but has consented to the motion to seal.

## II. MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden initially of coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. *Liberty Lobby*, 477 U.S. at 255. Once the moving party has met its burden, the non-moving party then must come forward and demonstrate that such a fact issue does indeed exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When a party has failed to respond to a summary judgment motion, the court may grant summary judgment only "if appropriate." FED. R. CIV. P. 56(e)(2). To determine if it is appropriate, the district court must review the record to determine whether the movant is entitled to summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.' "). Consequently, although Plaintiff has failed to file a response to the remaining defendants' motion for summary judgment, the court must still review the record to determine whether the moving defendants are entitled to judgment.

Having carefully reviewed the record, the court concludes that no genuine issue of material fact exists, and Defendants J.M. Gwartney, C.K. Barnes, Tim Dilday, R.G. Russell, and D.G. Green are entitled to judgment as a matter of law. Accordingly, the motion for summary judgment [DE-40] is ALLOWED.

### III. MOTION TO SEAL

Defendants J.M. Gwartney, C.K. Barnes, Tim Dilday, R.G. Russell, and D.G. Green also move to seal Exhibit A to the memorandum in support of the motion for summary judgment [DE-41-1]. Defendants state that Exhibit A inadvertently was filed without being redacted to be in compliance with Rule 5.2 of the Federal Rules of Civil Procedure, and ask that it be sealed. Defendants have supplied a redacted version of Exhibit A [DE-49-1] to be filed on the record. After filing the motion to seal, the defendants filed a notice [DE-50] stating that Plaintiff had consented to the motion to seal.

3

The motion to seal [DE-49] is ALLOWED, and the Clerk of Court is DIRECTED to maintain Exhibit A [DE-41-1] under SEAL. The Clerk of Court also is directed to file redacted version of Exhibit A [DE-49-1] on the record.

## IV. CONCLUSION

For the foregoing reasons, it hereby is ORDERED that:

(1) the motion for summary judgment [DE-40] is ALLOWED, and the Clerk of Court is DIRECTED to enter judgment in favor of Defendants J.M. Gwartney, C.K. Barnes, Tim Dilday, R.G. Russell, and D.G. Green;

(2) the motion to seal [DE-49] is ALLOWED, and the Clerk of Court is DIRECTED to maintain Exhibit A [DE-41-1] under SEAL;

(3) the Clerk of Court is DIRECTED to file the redacted version of Exhibit A [DE-49-1] on the record, and

(4) the Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 11th day of February, 2011.

James C. Fox
Senior United States District Judge